**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAHEEM CHAMIR MCCLELLAN and LENNOX DAVID,** | : : : | **CIVIL ACTION NO. 1:04-CV-2588** |
| **Plaintiffs** | : : | **(Judge Conner)** |
| v. | : : | |
| **PIKE COUNTY, et al.,** | : : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is defendants' motion to dismiss (Doc. 21) the complaint filed by plaintiff Lennox David ("David") pursuant to 42 U.S.C. § 1983 for alleged infringement of his First Amendment right to free exercise of religion by defendants, officials of the Pike County Correctional Facility ("PCCF").[1] For the reasons set forth below, the motion will be granted.

**I.   Statement of Facts**

Every Friday, the Muslims at PCCF assemble in one of the facility's rooms for a prayer service. (Doc. 1, p. 14). However, on Friday, November 12, 2004, during Islam's holy month of Ramadan, David and other Muslims incarcerated at PCCF were denied the use of the facility's multi-purpose room for "Jumu'ah" prayer

---

[1] David's complaint was originally docketed at Civil Action No. 1:04-CV-2537, but was consolidated with the above-captioned action by order of court dated February 22, 2005 (Doc. 15).

services because the room was being used for a graduation ceremony.[2] David subsequently requested that the Muslims be allowed to hold the service in a cell. However, consistent with PCCF'S religious practices policy, the request was denied because non-inmate visitors to the facility were attending the ceremony and, due to security concerns, inmates were not allowed to congregate elsewhere in the facility during the ceremony.[3] Defendants offered a time and place to hold the service the following morning but, according to David, Jumu'ah can only be held on Friday. (See Doc. 1 at 2, 4). David was informed that the unavailability of the room was an oversight, and that in the future he and other Muslims would be accommodated. (Doc. 1 at 14, 17).

The instant action was commenced in November 2004. Thereafter, David was transferred to the York County Prison. He has recently notified the Court that he has been removed from this country to Trinidad. (Doc. 33). David alleges a violation of his First Amendment right to the free exercise of his religion, and seeks compensatory damages and injunctive relief. Defendants subsequently filed the instant motion to dismiss, which is now ripe for disposition.

---

[2] "Jumu'ah" or "Salaat Al Jumu'ah" refers to an Islamic congregational prayer service to be held every Friday. (See Doc. 1 at 10-11).

[3] The policy provides that inmates will have the opportunity to engage in religious group activities, consistent with the safe, secure and orderly operation of the facility. (Doc. 1, p. 12).

## II. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a claim that fails to assert a basis upon which relief can be granted. FED. R. CIV. P. 12(b)(6). In the context of a motion to dismiss under Rule 12(b)(6), the court must accept as true all of the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000) (citing Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)). Although the court is generally limited in its review to the facts alleged in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

The court will not dismiss a complaint for failure to state a claim unless it appears beyond a doubt that "no relief could be granted under any set of facts that could be proved consistent with the allegations." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). "The complaint will be deemed to have alleged sufficient facts if it adequately put[s] the defendant on notice of the essential elements of the plaintiff's cause of action." Langford, 235 F.3d at 847. Further, the court must grant leave to amend before dismissing a complaint that is merely deficient. See Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000).

### III. Discussion

As noted above, David seeks injunctive relief. A prisoner lacks standing to seek injunctive relief if he is no longer subject to the alleged conditions he seeks to challenge. See Weaver v. Wilcox, 650 F.2d 22, 27, n. 13 (3d Cir. 1981) (stating prisoner's transfer from the prison moots claims for injunctive and declaratory relief with respect to prison conditions); see also Los Angeles v. Lyons, 461 U.S. 95, (1983) (stating that a plaintiff seeking equitable relief must demonstrate that his injury is likely to be repeated). Defendants argue that David is no longer entitled to injunctive relief because he has been transferred from PCCF. The Court agrees. David now resides in Trinidad and it is highly unlikely that the injury will be repeated.

Nor is David entitled to compensatory damages. The only actual injuries alleged are pain and suffering, or a mental or emotional injury. Title 42 U.S.C. § 1997e(e) predicates a prisoner's claim for mental or emotional injury, suffered while in custody, on a showing of accompanying physical injury. A "less-than-significant-but-more-than- *de minimis* physical injury as a predicate to allegations of emotional injury" is required in order to pursue such a claim. Mitchell v. Horn, 318 F.3d 523, 536 (3d Cir. 2003). David does not allege an accompanying physical injury, not even a *de minimis* physical injury. Consequently, his claim for compensatory damages is barred by § 1997e(e) and is subject to dismissal.

However, the § 1997e(e) bar does not apply to claims for nominal damages. Allah v. Al-Hafeez, 226 F.3d 247, 252 (3d Cir. 2000). "Claims seeking nominal or punitive damages are typically not 'for' mental or emotional injury but rather 'to vindicate constitutional rights' or 'to deter or punish egregious violations of constitutional rights,' respectively." Mitchell, 318 F.3d at 533, citing id. Although David does not specifically seek nominal damages, the allegations of the complaint are consistent with such a claim. The court is therefore compelled to liberally interpret the complaint to include a request for nominal damages, Batista v. Weir, 340 F.2d 74, 87 (3d Cir. 1965) (stating that it is not necessary to allege nominal damages), and address the merits of the claim.

While prisoners retain the right to a reasonable opportunity to exercise their religious beliefs while incarcerated, see Cruz v. Beto, 405 U. S. 319, 322 (1972), the mere assertion of a burden on a religious belief does not automatically trigger the protections afforded by the First Amendment. DeHart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000). An inmate alleging that actions taken by prison officials violate his or her exercise of religion must establish an actual infringement upon a sincerely held religious belief. See Sherbert v. Varner, 374 U.S. 398, 403-04 (1963); Africa v. Pennsylvania, 662 F.2d 1025, 1029-30 (3d Cir. 1981). Further, the policy or practice in question is only deemed an unconstitutional restraint if it is not "reasonably related to legitimate penological interests." Turner v. Safley, 482 U.S. 78, 89 (1987).

In the matter *sub judice*, David complains of a single incident of infringement on his religious belief in Jumu'ah. Given that the religious needs of David and

5

other Muslims were regularly accommodated by PCCF in that they were able to attend prayer services every Friday, this isolated incident had a negligible impact on David's right to practice his religion, and did not rise to constitutional proportions.

Further, it is clear from the record that defendants' infringement on that right was reasonably related to a legitimate penological interest, and that defendants offered to accommodate David and the other Muslims the following morning. See Turner, 482 U.S. at 90 (stating that reasonableness of prison regulation is to be considered in light of availability of alternative accommodations). Although David argues that the proposed accommodation was inadequate because his religion does not allow him to postpone observation of Jumu'ah, he fails to recognize that he was not completely deprived of religious exercise in that he was free to engage in individual prayer.[4] The logistics of incarceration and an institution's legitimate penological objectives, including institutional security, require and justify limitations on numerous privileges and rights. See O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); see also Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326 (3d Cir. 1987). Indeed, the stringent times at which Jumu'ah is to be held make it difficult for prison officials to assure that Muslims are able to attend that service. See O'Lone, at 351-52

---

[4]Although Muslims place great importance on group prayer, individual prayer is an acceptable alternative. See Cooper v. Tard, 855 F.2d 125, 129-30 (3d Cir. 1988).

(holding that regulation prohibiting returns of inmates working outside the institution during the work day to attend Jumu'ah services did not violate the First Amendment).

While we in no way minimize the central importance of Jumu'ah to David, we are unwilling to hold that prison officials are required by the Constitution to sacrifice legitimate penological objectives on every occasion to accommodate all religious services.  See O'Lone, 482 U.S. at 351-52.  The court simply cannot substitute its judgment for the judgment of prison officials on the "difficult and sensitive" scheduling matters of prison administration.  Block v. Rutherford, 468 U.S. 576, 588 (1984).  Accordingly, defendants' motion to dismiss will be granted.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        September 14, 2005

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAHEEM CHAMIR MCCLELLAN and LENNOX DAVID,** | : | **CIVIL ACTION NO. 1:04-CV-2588** |
| **Plaintiffs** | : | **(Judge Conner)** |
| v. | : | |
| **PIKE COUNTY, et al.,** | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 14th day of September, 2005, upon consideration of defendants' motion to dismiss (Doc. 21), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The motion to dismiss (Doc. 21) is GRANTED.

2. The claims of plaintiff Lennox David are DISMISSED.

3. The Clerk of Court is directed to DROP plaintiff Lennox David as a party in the above-captioned case.

4. Any appeal form this order is DEEMED frivolous and not in good faith. See 28 U.S.C. §1915(a)(3).

                                                 S/ Christopher C. Conner
                                                CHRISTOPHER C. CONNER
                                                United States District Judge