**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAHEEM CHAMIR MCCLELLEN and LENNOX DAVID,** | : | **CIVIL ACTION NO. 1:04-CV-2588** |
| **Plaintiffs** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **PIKE COUNTY, et al.,** | : | |
| | : | |
| **Defendants** | : | |

**ORDER**

AND NOW, this 15th day of September, 2005, upon consideration of the order of court (Doc. 36) directing plaintiff McClellan to file on or before September 9, 2005, a response showing cause why the above-captioned action should not be dismissed for failure to prosecute, and of the previous orders of court (Doc. 28, 34) directing plaintiff to file a brief in opposition to defendants' motion to dismiss (Doc. 13), and advising that failure to do so could result in dismissal of this case for failure to prosecute, and it appearing that as of the date of this order plaintiff has not filed a response or brief in opposition to the motion to dismiss, see FED. R. CIV. P. 41(b) ("For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or any claim against the defendant."); Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and it appearing that plaintiff, acting *pro se* in this action, was

advised of the necessity of promptly notifying the court of any changes of his current address (Doc. 4), and of responding to defendants' motion and to orders of court and is personally responsible for failing to do so, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that plaintiff's conduct has prejudiced defendants by requiring defendants to assume the cost of continued preparation for trial without prompt resolution of the likely meritorious motion to dismiss, see id. (identifying "[p]rejudice to the adversary" as second factor), that plaintiff's failure to respond to defendants' motion or orders of court (Docs. 13, 28, 34, 36) or to file any documents in the above-captioned case since the filing of the complaint on December 2, 2004, constitutes a history of dilatoriness, see Poulis, 747 F.2d at 868 (identifying "history of dilatoriness" as third factor), that plaintiff's failure to respond to the orders of court requiring prompt notification of any changes of address (Docs. 4, 36), and directing answers to defendants motions (Docs. 28, 34, 36) when previously advised by the court that inaction may result in dismissal of the above-captioned case constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that admission of certain facts or evidence or assessment of costs against plaintiff would be ineffective to deter plaintiff's conduct because plaintiff has already been deemed not to oppose the motion[1] and because plaintiff is proceeding *in forma pauperis* in this action (Doc. 9), see id. at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and

---

[1] See L.R. 7.6 ("Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.").

that plaintiff's claim likely lacks *prima facie* merit (Doc. 1, 13), see Poulis at 869-70 (identifying "[m]eritoriousness of the claim" as sixth factor), it is hereby ORDERED that:

1. The action commenced by plaintiff McClellan is DISMISSED for failure to prosecute.  See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to TERMINATE defendants' motion to dismiss (Doc. 13).

3. The Clerk of Court is further directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge